UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v

DONALD JAMES COLE,

       Defendant.
_____/

Case No. 1:06-CR-176
          1:98-CR-129

Hon. ROBERT HOLMES BELL

**ORDER DETERMINING DEFENDANT'S COMPETENCE
TO STAND TRIAL**

Pursuant to a motion filed in accordance with 18 U.S.C. § 4241, for a hearing to determine defendant's competence to stand trial, defendant was afforded a psychological evaluation. Upon receipt of that assessment, a hearing was held on October 26, 2006, pursuant to § 4241(c). Defendant was present with his counsel, and no further evidence or argument was offered by either party. Both parties concur with the assessment.

The issue before the court is whether it has been established by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him, or to assist properly in his own defense. 18 U.S.C. § 4241(d). The

psychological evaluation is the only substantial evidence in this matter. It is unnecessary to recite the specific findings of the evaluation, which the court hereby adopts.[1]

Based upon the uncontroverted findings of the psychologists contained in the mental health evaluation, I cannot find by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, I find the defendant mentally competent to stand trial.

IT IS SO ORDERED.


Dated: October 27, 2006                         /s/ Hugh W. Brenneman, Jr.
                                                Hugh W. Brenneman, Jr.
                                                United States Magistrate Judge

---

[1] Furthermore, the forensic evaluation is presently under seal to protect the privacy of the defendant's mental health information, and nothing would be gained by republishing portions of that information in this order.